
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
| --- | --- |
| UNITED STATES OF AMERICA, | No. 14-30196 |
| Plaintiff - Appellee, | D.C. No. 2:13-cr-00249-RAJ |
| v. |  |
| JIMMY MILLER, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the District of Western Washington
Richard A. Jones, District Judge, Presiding

Argued and Submitted December 07, 2015
Seattle, Washington

Before: HAWKINS and McKEOWN, Circuit Judges and GLEASON,[**] District
Judge.

Jimmy Miller appeals his conviction for felon in possession of a firearm,

arguing that the evidence was insufficient and that the district court abused its

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Sharon L. Gleason, District Judge for the U.S. District
Court for the District of Alaska, sitting by designation.

discretion when it admitted a witness's prior consistent statements. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Viewing the evidence in the light most favorable to the government, *Jackson v. Virginia*, 443 U.S. 307, 319 (1979), we hold there was sufficient evidence such that a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Gonzalez*, 528 F.3d 1207, 1211 (9th Cir. 2008). The jury was presented with considerable evidence that Miller possessed the gun, including testimony by a witness who reported that earlier that same evening Miller had shown her a handgun tucked into the waistband of his pants.

Miller also argues that the district court erred in admitting a witness's prior consistent statements. But these statements were properly admitted to rebut Miller's contention that the witness had testified untruthfully in the hope of receiving favorable treatment with respect to her outstanding bench warrants. *See* Federal Rule of Evidence 801(d)(1)(B); *Arizona v. Johnson*, 351 F.3d 988, 998–99 (9th Cir. 2003). Moreover, even if the statements were admitted in error, any such error was harmless. *United States v. Rohrer*, 708 F.2d 429, 433 (9th Cir. 1983) ("It is not, however, more probable than not that its admission affected the verdict." (internal quotation marks omitted)). For if the prior consistent statements were not admitted, the jury would have nonetheless heard the witness's statements about the gun from three different

2

sources: the witness herself, a bartender, and the 911 call. Thus, the prior consistent statements were unlikely to have affected the verdict.

AFFIRMED.